# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| TREVOR MCLAIN, ) | |
| ID # 13049894, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:13-CV-3449-B-BH |
| ) | |
| OFFICER RICHARD STEWART, ) | |
|     Defendant. ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this pro se prisoner case has been automatically referred for screening. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute.

## I. BACKGROUND

On August 27, 2013, the pro se prisoner plaintiff filed a document seeking information about how to file a complaint against the defendant for use of excessive force during his arrest. (*See* doc. 3). On August 28, 2013, an order issued informing him that he had thirty days to pay the $350.00 filing fee or submit an application to proceed *in forma pauperis* (IFP), and that he had not filed his complaint on the proper form. (*See* doc. 4). Attached to the order were copies of the appropriate forms. *See id.* The order was mailed to the Dallas County Jail address provided by the plaintiff, and it specifically advised him that the forms were due within thirty days, that a failure to timely file the completed forms could result in the dismissal of his case. *Id.* On September 10, 2013, this order was returned as undeliverable. (*See* doc. 6). The Dallas County website reflects that the plaintiff is no longer an inmate in the Dallas County Jail. (*See* www.dallascounty.org, search for plaintiff in jail lookup). Although it is the plaintiff's responsibility to inform the Court of any change of address and its effective date, it appears that he has changed addresses without notice.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Because the plaintiff did not notify the Court of his change of address, provide a forwarding address, or otherwise show that he intends to proceed with his case, his case should be dismissed under Rule 41(b) for failure to prosecute.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute, unless the plaintiff submits a change of address form and submits his completed forms within the time for objecting to this recommendation, or some other deadline set by the Court.

**SO RECOMMENDED on this 11th day of September, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE